White, J.
The original action, commenced under the code, in 1864, is in the nature of a suit in equity, and was taken from the court of common pleas to the district court on appeal.
The parties were at issue as to whether a deed for a certain tract of land had been delivered by the grantor in his lifetime.
The case of the plaintiff, who claimed as heir of the grantor, was that the deed had not been delivered. The ease of the defendant, the grantee in the deed, was that there had been such delivery.
On the trial of the cause in the district court, at the August term, 1865, the respective parties gave evidence tending to prove the issues on their respective parts. The court found the issues in favor of the defendant, and dismissed the petition. The plaintiff excepted. A bill of exceptions was taken, embodying all the evidence •offered on the trial, but there was no motion for a new trial.
The evidence given on the trial was conflicting, and that given •on the part of the defendant standing alone, without the counter proof, was sufficient to warrant the finding of the court.
The object of the present petition in error is to obtain a reversal of the judgment on the ground that the court erred in finding the deed in question to have been delivered.
*As an original question I should entertain serious doubts whether the act of April 12, 1858, to relieve the district courts, etc. (2 S. & C. Stat. 1155), conferred authority on this court to review the findings of the district court on questions of fact arising from conflicting testimony.
But, in Ide v. Churchill, 16 Ohio St. 372, it was held that such authority was given by the act; and that the right of review extends to all cases under the code, whether the facts are found by a jury or the court, or the relief sought is legal or equitable; but that a motion to set aside the finding overruled by the court, and an exception taken to the decision of the court upon the motion, ai’e indispensable prerequisites to the right to review the facts upon petition in error.
And in the preceding case of Westfall v. Dugan, et al. (Id. 276), it had been held that the findings of a court or jury, on the trial of' issues of fact made by the pleadings in an action, are not subject to review on error, except where it appears from the record that a motion for a new trial had been made on the ground that the verdict, or the finding of the court, is against the evidence, and that such motion had been overruled.
*416 In regard to these cases, as authority for requiring a motion for a new trial in the caBe now under review, it is suggested by counsel for the plaintiff in error, as to the former, that the record of the case showed that the motion had been made, and that the question, therefore, did not properly arise; and in regard to the latter, that it was a jury case, and governed by the act referred to, of April 12, 1858. And it is claimed that the case before us, being of equitable cognizance alone, is not governed by the act last named, but by the code.
If our right to review the findings of the court below depends-upon the code, it is a sufficient answer to the present petition in error, that it has been repeatedly decided that the provisions of the-code allowing an exception to the decision of the court upon a matter of law, does not apply to decisions or findings on the weight of the evidence. House v. Elliott, 6 Ohio St. 497; Gest v. Kenner, 7 Ohio St. 75; Erwin et al. v. Shaffer et al., 9 Ohio St. 48; The Little Miami R. R. Co. v. Allen, 12 Ohio St. 428.
*These cases all arose under the code, and prior to the passage of the act of April 12, 1858; and, whilst it is true they were-all cases for trial by jury, yet they were civil actions; and the code, as respects the right of a party to take exceptions and to have the. case reviewed on error, makes no distinction between cases of legal and those of equitable cognizance.
In view of the decisions referred to and the state of legislation,, we arrive at the following conclusions:
1. In a case in equity under the code, as well as in a case which,, before the code, would have been an action at law, before this court can review the findings in the court below on conflicting evidence, it is indispensable that a motion for a new trial on the ground that such finding is against or not sustained by the evidence, should have-been made and overruled.
2. Where, on error, the record shows no such motion, but contains a bill of exceptions embodying all the evidence, and it appears that on the trial evidence was given which, standing alone, warranted the finding, the judgment can not be reversed for error in law on the ground that, considering all the evidence, the finding is clearly against the weight of evidence. To reverse on such ground would not be reviewing the judgment of the court below on a question of law, but on the credibility and weight of the testimony. Fortman v. Goepper et al., 14 Ohio St. 562.
*417 3. In the absence of statutory provision, error in law, for want of' proof, only arises wbere there is no evidence fairly tending to establish one or more facts the existence-of which is-essential to the recovery.
What the-evidence in a case tends-to prove, is a question of law;, and when all the facts are admitted which the evidence tends to prove, the effect of such facts raises a question of law only. Such is the nature of a motion to rule out the testimony, and to order a. nonsuit; and such was the nature, under the old practice, of a demurrer to the evidence.

Judgment affirmed.

Day, C. J., and Welch, Brinkerhoee, and Scott, JJ., concurred-